IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |
|---|---|
| ETI SOLID STATE LIGHTING INC., | |
| Plaintiff, | C.A. No. |
| v. | JURY TRIAL DEMANDED |
| COOPER LIGHTING, LLC, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ETI Solid State Lighting, Inc. ("ETI") for its Complaint against Cooper Lighting, LLC ("Cooper") alleges the following.

## NATURE OF THE ACTION

1.     This is a patent infringement case, in which ETI alleges that Cooper has infringed numerous ETI patents covering unique and useful LED lighting technology.

## THE PARTIES

2.     ETI is a corporation organized under the laws of Ohio with its principal place of business at 4873 Thurmon Tanner Pkwy, Flowery Branch, GA 30542.

3.     Cooper is a limited liability company organized under the laws of Delaware, with its principal place of business at 1121 Highway 74 South, Peachtree

City, Georgia 30269.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338 and because this action arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

5.     This Court has personal jurisdiction over Cooper in this action at least because Cooper is headquartered in Peachtree City, Georgia, which lies within this District.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Cooper is headquartered in Peachtree City, Georgia, which lies within this District, Cooper has a regular and established place of business in this District, and Cooper committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling infringing products in this District.

## THE ASSERTED PATENTS

7.     ETI is a leading manufacturer and distributor of LED lighting products serving commercial, industrial, and residential consumers throughout the United States and Canada, and is one of the largest manufacturers of LED lighting products in the North American market.

8.     ETI is an innovator in the LED lighting industry. As such, ETI has

2

received numerous industry recognitions for its products, including Global Supplier of the Year honors from The Home Depot for many consecutive years, a Best New Innovation award, and an Edison Award in the Commercial Technology category.

9.    To protect its intellectual property resulting from its significant investments, ETI has obtained numerous patents directed to various LED inventions and technologies, including many originating from within this District. For example, ETI's LED-related patents include U.S. Patent Nos. 10,462,871; 10,492,262; RE49,030 (collectively, the "Asserted Patents").

10.    U.S. Patent No. 10,462,871 (the "'871 patent") was issued by the United States Patent and Trademark Office on October 29, 2019. The '871 patent relates to an LED light fixture containing at least two sets of LED light sources and at least three subcircuits where each subcircuit produces a different correlated color temperature. Plaintiff ETI is the assignee and owner of all right, title, and interest in the '871 patent, a copy of which is attached as Exhibit A.

11.    U.S. Patent No. 10,492,262 (the "'262 patent") was issued by the United States Patent and Trademark Office on November 26, 2019. The '262 patent relates to an LED light fixture that contains at least two groups of LED light sources and at least three circuits, each producing a different color temperature. Plaintiff ETI is the assignee and owner of all right, title, and interest in the '262 patent, a copy of which is attached as Exhibit B.

3

12.    U.S. Patent No. RE49,030 (the "'030 patent") was issued by the United States Patent and Trademark Office on April 12, 2022. The '030 patent relates to an LED light fixture having at least two LED light sources, each having a different correlated color temperature, with a manually controllable correlated color temperature switching assembly to control an electric circuit to select a particular LED light source or combination of LEDs. Plaintiff ETI is the assignee and owner of all right, title, and interest in the '030 patent, a copy of which is attached as Exhibit C.

## FACTUAL BACKGROUND

13.    Cooper is in the business of making, offering for sale, selling, and distributing lighting products, including light products based on LED technology.

14.    Cooper directly and/or indirectly offers its infringing products online and in brick-and-mortar locations, and sells and distributes infringing products throughout the United States, including this District.

15.    Cooper makes, uses, offers to sell, sells, and/or imports the "HALO RL" Recessed LED fixtures with selectable color which includes at least the products sold under the model numbers: RL3059FSD2W1EWH; RL4LS9FSD2W1EWH; RL56069FSD2W1EWH; and, RL56LS9FSD2W1EWH. The HALO RL fixtures infringe at least the '871, '262, and '030 patents. An image of the infringing HALO RL product is shown below:

4



16.    Cooper and ETI are direct competitors in the LED recessed lighting market. Both companies manufacture and sell recessed LED downlights with manually selectable correlated color temperature switches, competing for the same customers through the same channels of trade, including online retailers and brick-and-mortar locations throughout the United States.

17.    ETI marks its downlight LED products covered by the Asserted Patents (the "Color Preference Recessed Downlights") with the '871, '262, and '030 patents in accordance with 35 U.S.C. § 287. As direct competitors in the LED recessed lighting market, Cooper was aware of ETI's products, including ETI's Color Preference Recessed Downlights, and through ETI's patent marking, was provided with constructive notice of ETI's patent rights in the Asserted Patents. Upon information and belief, Cooper monitored ETI's patents and products and had actual

knowledge of the Asserted Patents prior to and throughout its manufacture, marketing, and sale of the accused products.

18.    On July 23, 2025, ETI filed its Answer and Counterclaims against Cooper in *ETI Solid State Lighting, Inc. v. Signify North America Corporation et al.*, Case No. 2:25-cv-00121-RWS (N.D. Ga.) (the "Dismissed Action"). That filing specifically identified each of the Asserted Patents and explicitly identified the specific Cooper accused products alleged to infringe each patent, including at least the "HALO RL" Recessed LED fixtures sold under model numbers RL3059FSD2W1EWH, RL4LS9FSD2W1EWH, RL56069FSD2W1EWH, and RL56LS9FSD2W1EWH, with a claim-by-claim mapping of the accused products (specifically, Model No. RL56069FSD2W1EWH) to at least claim 9 of the '871 patent, claim 1 of the '262 patent, and claim 1 of the '030 patent. Notwithstanding this actual and specific knowledge, Cooper has continued to make, use, sell, offer to sell, and/or import the accused products in knowing disregard of ETI's patent rights, constituting willful infringement.

19.    In the Dismissed Action, the parties made substantial progress litigating ETI's patent infringement claims on the same patents asserted here against Cooper. That progress included the exchange of discovery, infringement contentions, invalidity contentions, and completed claim construction briefing. The District Court very recently dismissed ETI's infringement counterclaims against Cooper without

prejudice after determining that Cooper had been improperly joined under Fed. R. Civ. P. 21. The Court further identified this Newnan Division as the proper venue for those claims, prompting ETI to re-file them in this action.

## GENERAL ALLEGATIONS

20.     Cooper has directly and indirectly infringed and continues to directly and indirectly infringe each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, selling, offering to sell, and importing into the United States, and inducing and contributing to infringement by others, in this District and elsewhere in the United States, the accused products, as defined below.

21.     Cooper's acts of infringement have caused and continue to cause damage to ETI. As a result of Cooper's infringing acts, ETI is entitled to recover damages from Cooper in an amount to be determined at trial.

22.     Cooper's infringement of the Asserted Patents has been and continues to be willful. As set forth in the Factual Background above, Cooper monitored ETI's patents and products as a direct competitor and was provided with constructive notice of the Asserted Patents through ETI's marking of its products with the '871, '262, and '030 patents in accordance with 35 U.S.C. § 287. Upon information and belief, Cooper had actual knowledge of the Asserted Patents prior to and throughout its manufacture, marketing, and sale of the accused products.

7

23. Cooper's awareness was further and explicitly confirmed on July 23, 2025, when ETI filed its Answer and Counterclaims against Cooper in *ETI Solid State Lighting, Inc. v. Signify North America Corporation et al.*, Case No. 2:25-cv-00121-RWS (N.D. Ga.), which specifically identified each of the Asserted Patents, the specific accused products alleged to infringe each patent, and a claim-by-claim mapping of the accused products to at least claim 9 of the '871 patent, claim 1 of the '262 patent, and claim 1 of the '030 patent.

24. Notwithstanding this knowledge, Cooper has continued to willfully and intentionally make, use, sell, offer to sell, and/or import the accused products. Cooper knew or should have known that its continued conduct was objectively unreasonable in light of ETI's known patent rights, warranting enhanced damages under 35 U.S.C. § 284.

25. Cooper's infringement of the Asserted Patents is causing irreparable harm for which ETI has no adequate remedy at law unless Cooper is enjoined by this Court. Pursuant to 35 U.S.C. § 283, ETI is entitled to a permanent injunction enjoining Cooper from further infringement of the Asserted Patents.

### <u>COUNT ONE</u>
**(Infringement of U.S. Patent No. 10,462,871)**

26. ETI incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

27. Cooper, directly and/or through its subsidiaries, affiliates, agents, or

other related entities, has made, used, offered for sale, sold, and/or imported into the United States products that infringe one or more claims of the '871 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to, HALO RL LED light modules, including Model Nos. RL3059FSD2W1EWH, RL4LS9FSD2W1EWH, RL56069FSD2W1EWH, and RL56LS9FSD2W1EWH and any other Cooper products with substantially similar features (collectively, the "'871 Accused Products").

28.    ETI reserves the right to identify and name additional infringing products, whether known to Cooper, learned by ETI, or revealed through discovery, and to include such products within the definition of the '871 Accused Products.

29.    Attached as Ex. D are detailed claim charts, served in the Dismissed Action, that demonstrate how various claims of the '871 patent read on the '871 Accused Products.

30.    Cooper and/or parties under its supervision or control have tracked ETI's business, products, and intellectual property rights and have modeled products after those of ETI, including manufacturing and selling products intended to replicate ETI's Color Preference Recessed Downlight.

31.    Cooper's infringement of the '871 patent has been and continues to be willful. As set forth in the Factual Background and General Allegations above,

9

Cooper was provided with constructive notice of the '871 patent through ETI's marking of its products with the '871 patent in accordance with 35 U.S.C. § 287, and upon information and belief, had actual knowledge of the '871 patent prior to and throughout its manufacture, marketing, and sale of the '871 Accused Products.

32.    Cooper's awareness was further and explicitly confirmed by ETI's Answer and Counterclaims filed on July 23, 2025, in the Dismissed Action, which specifically identified the '871 patent, the accused products alleged to infringe it, and a claim-by-claim mapping of at least claim 9 of the '871 patent to the "HALO RL" Recessed LED fixtures. Moreover, ETI provided detailed infringement contentions in the Dismissed Action, that further detailed how various Cooper products infringed various claims of the '871 patent.

33.    Notwithstanding this knowledge, Cooper has continued to make, use, sell, offer to sell, and/or import the '871 Accused Products, and knew or should have known that its continued conduct was objectively unreasonable in light of ETI's known patent rights, constituting willful infringement and justifying enhanced damages under 35 U.S.C. § 284.

34.    Cooper also has induced infringement of the '871 patent under 35 U.S.C. § 271(b) because, with knowledge of the patent, it intentionally and actively induced infringement by direct and indirect customers and end users of the '871 Accused Products. Cooper has done so by acts including but not limited to (a) selling

such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '871 patent; (b) marketing the infringing capabilities of such products; and (c) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Cooper has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Cooper's direct and indirect customers and end users, including the making, using, selling, offering for sale, and/or importation of the '871 Accused Products in the United States. Cooper has performed and continues to perform these affirmative acts with knowledge of the '871 patent and with knowledge and specific intent that such actions would induce infringement of the '871 patent by Cooper's direct and indirect customers and end users.

35.    Furthermore, Cooper has sold, offered for sale, and/or imported the '871 Accused Products and their components in a manner that constitutes contributory infringement of one or more claims of the '871 patent under 35 U.S.C. § 271(c). These products and components are not staple articles or commodities of commerce, have no substantial non-infringing uses, are known by Cooper to be especially made or especially adapted for use in an infringement of the '871 patent, and Cooper is aware that their intended use by Cooper's direct and indirect customers and end-users results in direct infringement of the '871 patent.

11

36.     As a result of Cooper's infringing conduct, ETI has suffered and continues to suffer damages in an amount to be determined at trial. ETI is entitled to damages adequate to compensate for Cooper's infringement of the '871 patent, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

37.     ETI is further entitled to injunctive relief pursuant to 35 U.S.C. § 283 to prevent Cooper's continued infringement of the '871 patent, as Cooper's ongoing infringement causes ETI irreparable harm for which there is no adequate remedy at law.

## COUNT TWO
### (Infringement of U.S. Patent No. 10,492,262)

38.     ETI incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

39.     Cooper, directly and/or through its subsidiaries, affiliates, agents, or other related entities, has made, used, offered for sale, sold, and/or imported into the United States products that infringe one or more claims of the '262 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to, HALO RL LED light modules, including Model Nos. RL3059FSD2W1EWH, RL4LS9FSD2W1EWH, RL56069FSD2W1EWH, and RL56LS9FSD2W1EWH and any other Cooper products with substantially similar features (collectively, the "'262 Accused Products").

12

40. ETI reserves the right to identify and name additional infringing products, whether known to Cooper, learned by ETI, or revealed through discovery, and to include such products within the definition of the '262 Accused Products.

41. Attached as Ex. E are detailed claim charts, served in the Dismissed Action, that demonstrate how various claims of the '262 patent read on the '262 Accused Products.

42. Cooper and/or parties under its supervision or control have tracked ETI's business, products, and intellectual property rights and have modeled products after those of ETI, including manufacturing and selling products intended to replicate ETI's Color Preference Recessed Downlight.

43. Cooper's infringement of the '262 patent has been and continues to be willful. As set forth in the Factual Background and General Allegations above, Cooper was provided with constructive notice of the '262 patent through ETI's marking of its products with the '262 patent in accordance with 35 U.S.C. § 287, and upon information and belief, had actual knowledge of the '262 patent prior to and throughout its manufacture, marketing, and sale of the '262 Accused Products.

44. Cooper's awareness was further and explicitly confirmed by ETI's Answer and Counterclaims filed on July 23, 2025, in the Dismissed Action, which specifically identified the '262 patent, the accused products alleged to infringe it, and a claim-by-claim mapping of at least claim 1 of the '262 patent to the "HALO

13

RL" Recessed LED fixtures. Moreover, ETI provided detailed infringement contentions in the Dismissed Action, that further detailed how various Cooper products infringed various claims of the '262 patent.

45.    Notwithstanding this knowledge, Cooper has continued to make, use, sell, offer to sell, and/or import the accused products, and knew or should have known that its continued conduct was objectively unreasonable in light of ETI's known patent rights, constituting willful infringement and justifying enhanced damages under 35 U.S.C. § 284.

46.    Cooper also has induced infringement of the '262 patent under 35 U.S.C. § 271(b) because, with knowledge of the patent, it intentionally and actively induced infringement by direct and indirect customers and end users of the '262 Accused Products. Cooper has done so by acts including but not limited to (a) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '262 patent; (b) marketing the infringing capabilities of such products; and (c) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Cooper has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Cooper's direct and indirect customers and end users, including the making, using, selling, offering for sale, and/or importation of the '262 Accused Products in the United States.

14

Cooper has performed and continues to perform these affirmative acts with knowledge of the '262 patent and with knowledge and specific intent that such actions would induce infringement of the '262 patent by Cooper's direct and indirect customers and end users.

47. Furthermore, Cooper has sold, offered for sale, and/or imported the '262 Accused Products and their components in a manner that constitutes contributory infringement of one or more claims of the '262 patent under 35 U.S.C. § 271(c). These products and components are not staple articles or commodities of commerce, have no substantial non-infringing uses, are known by Cooper to be especially made or especially adapted for use in an infringement of the '262 patent, and Cooper is aware that their intended use by Cooper's direct and indirect customers and end-users results in direct infringement of the '262 patent.

48. As a result of Cooper's infringing conduct, ETI has suffered and continues to suffer damages in an amount to be determined at trial. ETI is entitled to damages adequate to compensate for Cooper's infringement of the '262 patent, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

49. ETI is further entitled to injunctive relief pursuant to 35 U.S.C. § 283 to prevent Cooper's continued infringement of the '262 patent, as Cooper's ongoing infringement causes ETI irreparable harm for which there is no adequate remedy at law.

## COUNT THREE
### (Infringement of U.S. Patent No. RE49,030)

50.     ETI incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

51.     Cooper, directly and/or through its subsidiaries, affiliates, agents, or other related entities, has made, used, offered for sale, sold, and/or imported into the United States products that infringe one or more claims of the '030 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to, HALO RL LED light modules, including Model Nos. RL3059FSD2W1EWH,  RL4LS9FSD2W1EWH,  RL56069FSD2W1EWH,  and RL56LS9FSD2W1EWH and any other products with substantially similar features (collectively, the "'030 Accused Products").

52.     ETI reserves the right to identify and name additional infringing products, whether known to Cooper, learned by ETI, or revealed through discovery, and to include such products within the definition of the '030 Accused Products.

53.     Attached as Ex. F are detailed claim charts, served in the Dismissed Action, that demonstrate how various claims of the '030 patent read on the '030 Accused Products.

54.     Cooper and/or parties under its supervision or control have tracked ETI's business, products, and intellectual property rights and have modeled products

16

after those of ETI, including manufacturing and selling products intended to replicate ETI's Color Preference Recessed Downlight.

55. Cooper's infringement of the '030 patent has been and continues to be willful. As set forth in the Factual Background and General Allegations above, Cooper was provided with constructive notice of the '030 patent through ETI's marking of its products with the '030 patent in accordance with 35 U.S.C. § 287, and upon information and belief, had actual knowledge of the '030 patent prior to and throughout its manufacture, marketing, and sale of the '030 Accused Products.

56. Cooper's awareness was further and explicitly confirmed by ETI's Answer and Counterclaims filed on July 23, 2025, in the Dismissed Action, which specifically identified the '030 patent, the accused products alleged to infringe it, and a claim-by-claim mapping of at least claim 1 of the '030 patent to the "HALO RL" Recessed LED fixtures. Moreover, ETI provided detailed infringement contentions in the Dismissed Action, that further detailed how various Cooper products infringed various claims of the '030 patent.

57. Notwithstanding this knowledge, Cooper has continued to make, use, sell, offer to sell, and/or import the '030 Accused Products, and knew or should have known that its continued conduct was objectively unreasonable in light of ETI's known patent rights, constituting willful infringement and justifying enhanced damages under 35 U.S.C. § 284.

58. Cooper also has induced infringement of the '030 patent under 35 U.S.C. § 271(b) because, with knowledge of the patent, it intentionally and actively induced infringement by direct and indirect customers and end users of the '030 Accused Products. Cooper has done so by acts including but not limited to (a) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '030 patent; (b) marketing the infringing capabilities of such products; and (c) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Cooper has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Cooper's direct and indirect customers and end users, including the making, using, selling, offering for sale, and/or importation of the '030 Accused Products in the United States. Cooper has performed and continues to perform these affirmative acts with knowledge of the '030 patent and with knowledge and specific intent that such actions would induce infringement of the '030 patent by Cooper's direct and indirect customers and end users.

59. Furthermore, Cooper has sold, offered for sale, and/or imported the '030 Accused Products and their components in a manner that constitutes contributory infringement of one or more claims of the '030 patent under 35 U.S.C. § 271(c). These products and components are not staple articles or commodities of

18

commerce, have no substantial non-infringing uses, are known by Cooper to be especially made or especially adapted for use in an infringement of the '030 patent, and Cooper is aware that their intended use by Cooper's direct and indirect customers and end-users results in direct infringement of the '030 patent.

60.    As a result of Cooper's infringing conduct, ETI has suffered and continues to suffer damages in an amount to be determined at trial. ETI is entitled to damages adequate to compensate for Cooper's infringement of the '030 patent, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

61.    ETI is further entitled to injunctive relief pursuant to 35 U.S.C. § 283 to prevent Cooper's continued infringement of the '030 patent, as Cooper's ongoing infringement causes ETI irreparable harm for which there is no adequate remedy at law.

## DEMAND FOR A JURY TRIAL

ETI hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ETI prays for the following judgments and relief:

(a)    A judgment that Cooper has infringed and is infringing the Asserted Patents under 35 U.S.C. § 271(a), (b), and/or (c);

(b)    A permanent injunction against Cooper and its affiliates, subsidiaries, assignees, employees, agents or anyone acting in privity or concert from infringing

19

the Asserted Patents, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Asserted Patents; using or performing methods claimed in any of the claims of the Asserted Patents; inducing others to use and perform methods that infringe any claim of the Asserted Patents; or contributing to others using and performing methods that infringe any claim of the Asserted Patents, until the expiration of the Asserted Patents;

(c)    A judgment that Cooper's infringement of the Asserted Patents was willful and that Cooper's continued infringement of the Asserted Patents is willful;

(d)    An award of damages adequate to compensate ETI for Cooper's patent infringement, and an accounting to adequately compensate ETI for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(e)    An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(f)    An award of increased damages for willful infringement;

(g)    An order finding that this is an exceptional case and awarding ETI its costs, expenses, disbursements, and reasonable attorneys' fees related to Cooper's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(h)    Such other further relief, in law or equity, as this Court deems just and

20

proper.

Dated: April 24, 2026 Respectfully submitted,

/s/ Coby S. Nixon
Coby S. Nixon
Georgia Bar No. 545005
Seth K. Trimble
Georgia Bar No. 851055
Cory Mull
Georgia Bar No. 595376
**BUCHALTER LLP**
3475 Piedmont Road NE, Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 832-7530
cnixon@buchalter.com
strimble@buchalter.com

David B. Cupar*
Matthew J. Cavanagh*
**MCDONALD HOPKINS LLC**
600 Superior Avenue East, Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

* *pro hac vice* applications forthcoming

*Counsel for Plaintiff ETI Solid State Lighting, Inc.*

21